UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN H. MERRITT (#3452)

VERSUS                                              CIVIL ACTION

ATTORNEY GENERAL, ET AL                             NUMBER 13-215-BAJ-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 2, 2013.

                                    _____
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JUSTIN MERRITT (#3452)

VERSUS                                                      CIVIL ACTION

ATTORNEY GENERAL, ET AL                      NUMBER 13-215-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, a detainee at the East Louisiana Mental Health System Forensic Unit, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Attorney General and unidentified state legislators.[1] Plaintiff alleged that the defendants violated his constitutional rights by enacting the same-sex marriage ban.

For the reasons which follow, the plaintiff's complaint should be dismissed as frivolous.

**I. Applicable Law and Analysis**

**A. Frivolous Standard**

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may

---

[1] Record document number 4, Amended Complaint.

dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733.  Pleaded facts which are merely improbable or strange, however, are not frivolous for 28 U.S.C. § 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).  Dismissal § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

First, the Constitution does not require States to permit same-sex marriages. *Baker v. Nelson*, 409 U.S. 810, 93 S.Ct. 37 (1972).  During the 2004 Regular Session, the Louisiana Legislature, by joint resolution with a two-thirds majority of both houses, passed 2004 La. Acts 926.  Through the passage of Act 926, the Legislature resolved "that there shall be submitted to the electors of the state of Louisiana, for their approval or rejection in the manner provided by law, a proposal to add Article XII, Section 15 of the Constitution of Louisiana."  The amendment was to read as follows:

§ 15. Defense of Marriage

Section 15. Marriage in the state of Louisiana shall consist only of the union of one man and one woman.  No official or court of the state of Louisiana shall construe this constitution or any state law to require that marriage or the legal incidents thereof be conferred upon any member of a union other than the union of one man and one woman.  A legal status identical or substantially similar to that of marriage for unmarried individuals shall not be valid or recognized.  No

official or court of the state of Louisiana shall recognize any marriage contracted in any other jurisdiction which is not the union of one man and one woman.

The amendment was considered by the voters at the September 18, 2004 election, and the measure was approved by 77.78% of the electorate.  The Louisiana Supreme Court subsequently held that La. Const. Art. XII, § 15 is constitutional.  *Forum for Equality PAC v. McKeithen*, 893 So.2d 715 (La. 2005).

Second, the plaintiff named unidentified state legislators as defendants.  State and regional legislators are entitled to absolute immunity from liability under § 1983 for their legislative activities.  *Bogan v. Scott-Harris*, 523 U.S. 44, 49, 118 S.Ct. 966, 970 (1998).

Finally, the plaintiff named the Louisiana Attorney General as a defendant but failed to allege any facts against him which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and without leave to amend because there is no

conceivable, non-frivolous claim he could assert against these defendants consistent with the facts alleged in his complaint.

Baton Rouge, Louisiana, October 2, 2013.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE